# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES and MARVA CROMETY,** | ) | **CASE NO.  4:05 CV 00518** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ELKTON FEDERAL** | ) | **MEMORANDUM OPINION** |
| **CORRECTIONAL** | ) | **AND ORDER** |
| **INSTITUTION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon the Federal Defendants Cohn, Goodyear, Hosea, Montgomery, and Mooney's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Dkt. #26).

## I.  BACKGROUND

On February 4, 2005, Plaintiffs, James and Marva Cromety, filed a Complaint against Defendants, Elkton Federal Correctional Institution ("Elkton") and "John Does 1–5." (Dkt. #1). The Complaint, among other allegations, asserted that one or more of the John Doe defendants, each federal employees of Elkton, struck Plaintiff James Cromety, while James Cromety was visiting the federal correctional facility at Elkton. (Complaint ¶¶ 6–7). The Complaint, on behalf of James Cromety, alleged an action pursuant to Bivens

v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) for violations of James Cromety's constitutional rights as well as state tort claims for assault and battery. The Complaint, on behalf of Marva Cromety alleged a claim for loss of consortium.

On June 21, 2005, Elkton filed a motion to dismiss. (Dkt. #17). On June 23, 2005, the Court held a Case Management Conference ("CMC"), during which the Court addressed the legal deficiencies alleged in Elkton's motion to dismiss, including the failure to name and properly serve the John Doe defendants. As part of the parties' initial disclosures, the Court directed the U.S. Attorney to disclose to Plaintiffs the names of the guards involved in the incident alleged in the Complaint. The Court also ordered Plaintiffs to amend the Complaint within eight days, and gave Defendants leave, once the Amended Complaint was filed, to refile their motion to dismiss. (Dkt. #18). Plaintiffs, accordingly, filed an Amended Complaint, naming William Goodyear ("Goodyear"), James Cohn ("Cohn"), Thomas Mooney ("Mooney"), Alvin ("Hosea") and Timothy Montgomery ("Montgomery") in their individual capacities only (collectively "Individual Federal Defendants"). (Dkt. #19). Plaintiffs sent copies of the Amended Complaint via certified mail to each of the Individual Federal Defendants at their place of employment—Elkton. (Dkt. #25). Plaintiffs also sent a copy of the Amended Complaint to the U.S. Attorney for the Northern District of Ohio. (Dkt. #19 at 6).

The Amended Complaint contains factual allegations largely identical to the original Complaint and asserts two counts: Count One alleges violations of James Cromety's constitutional rights under the Fourth and Fourteenth Amendments pursuant to Bivens, 403

U.S. at 388; Count Two alleges a claim of loss of consortium on behalf of Marva Cromety.

On November 7, 2005, Defendants refiled their motion to dismiss.

## II. SUBJECT MATTER JURISDICTION — LOSS OF CONSORTIUM CLAIM

Defendants assert the Court lacks subject matter jurisdiction over Plaintiffs' loss of consortium claim.

A party seeking to dismiss a claim for want of subject matter jurisdiction—i.e., pursuant to Rule 12 (b)(1)—may engage in either (1) a facial attack to the complaint; or (2) a factual attack on the allegation contained therein. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. See RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994); see also Ohio Nat'l Life, 922 F.2d at 325.

Where, as here, the district court considers a factual, rather than a facial, jurisdictional attack, it is empowered to resolve disputed questions of fact bearing on the court's jurisdiction. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986). Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. See Ohio Nat'l Life, 922 F.2d at 325. In short, no presumptive truthfulness attaches

to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. Moreover, the plaintiff maintains the burden of proof that jurisdiction does in fact exist. Id.

Count Two of Plaintiffs' Amended Complaint asserts a loss of consortium claim—a state law tort claim. See Clouston v. Remlinger Oldsmobile Cadillac, Inc., 22 Ohio St.2d 65, 258 N.E.2d 230 (1970). To the extent this state law tort claim is alleged against the Individual Federal Defendants, the claim must be dismissed because the Federal Tort Claims Act ("FTCA") effectively immunizes the Individual Federal Defendants from liability for state law tort claims. See 28 U.S.C. § 2679(b)(1). A federal employee acting within the scope of his employment is not subject to suit for state-law tort claims; instead an injured party's remedy is a suit against the United States under the Federal Tort Claims Act ("FTCA"). See id; United States v. Smith, 499 U.S. 160, 163 (1991). The Amended Complaint alleges that the Individual Federal Defendants were each federal employees acting "in their capacities as agents, servants, and/or employees of the United States of America," see (Amended Complaint ¶ 2), and fails to allege the Individual Federal Defendants engaged in acts outside of their employment. Thus, to the extent the Amended Complaint alleges tortious activity by any federal employee in the performance of his duties, such claims would be cognizable, if at all, only as a suit against the United States under the FTCA.

Under the FTCA, claimants must first file an administrative claim with the appropriate government agency as a prerequisite to suit. See 28 U.S.C. § 2675; see

4

Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991). Section 2675(a) provides that an "action shall not be instituted upon a claim against the United States for money damages…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." See 28 U.S.C. § 2675(a). In accordance with the statute, the filing of an administrative claim is jurisdictional and is an absolute non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee. See McNeil v. United States, 508 U.S. 106 (1993); Conn v. United States, 867 F.2d 916 (6th Cir. 1989). Plaintiffs have not filed an administrative tort claim; consequently, they have failed to exhaust their administrative remedies and the Court lacks jurisdiction over any common law tort claims including Marva Cromety's loss of consortium claim.[1]

In summary, the Individual Federal Defendants are immune from Marva Cromety's

---

[1] Plaintiffs posit that Marva Cromety's loss of consortium claim is not a tort claim which requires administrative exhaustion under the FTCA because it is a derivative claim based on James Cromety's constitutional claim. See (Dkt. #31 at 6). Plaintiffs provide no legal support for this argument, nor does such support exist. Marva Cromety's loss of consortium claim cannot be viewed as a Bivens claim. In Bivens, the Supreme Court implied a cause of action against individual federal officers otherwise immune from liability, in their personal or individual capacity, under circumstances where the officer violated an individual's clearly established constitutional rights. See Bivens, 403 U.S. at 396–97. By its nature, a loss of consortium claim seeks to recover for loss suffered by another; it is not based upon the kind of direct and personal involvement required to rise to the level of a constitutional tort. See e.g., 42 U.S.C. § 1983 (statutory analog to Bivens expressly limiting liability "to the party injured.").

state tort claim. Even if the Court were to construe the state tort claim as being asserted against the United States, Plaintiffs have nonetheless failed to exhaust their administrative remedies as required under the FTCA. The Court, therefore, lacks subject matter jurisdiction over Plaintiffs' loss of consortium claim and said claim is **DISMISSED** with prejudice.

### III. PERSONAL JURISDICTION — IMPROPER SERVICE

Plaintiffs' remaining Count asserts a Bivens action against the Individual Federal Defendants alleging they violated James Cromety's constitutional rights. Defendants argue, however, that Plaintiffs have failed to properly serve the Individual Federal Defendants and contend the Court lacks personal jurisdiction over the Individual Federal Defendants.

Because Bivens actions are filed against federal officers in their individual capacities, a plaintiff asserting a Bivens action is required to serve the United States in the manner prescribed by Rule 4(i)(1),[2] and the individual defendants in the manner prescribed

---

[2]Federal Rule of Civil Procedure 4(i)(1) states:

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

6

by Rule 4(e).³ See <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 116 (1988). Federal officers sued in their individual capacities must be personally served in accordance with the ordinary rules for service on individuals. See <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 116 (6th Cir.1988). Without such personal service, a district court is without jurisdiction to render judgment against a defendant. See <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151, 1156 (6th Cir.1991). Additionally, "the fact that the defendants had actual notice of the suit is…immaterial." <u>Ecclesiastical Order of</u>

---

> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

³Federal Rule of Civil Procedure 4(e) states:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

the Ism of Am, 845 F.2d at 116.

As the Court's Docket reflects, Plaintiffs utterly failed to obtain personal service on the Individual Federal Defendants. Plaintiffs attempted service by sending copies of the Summons and Amended Complaint by certified mail to the Individual Federal Defendants in care of their employer, Elkton. Plaintiffs argue that service by this method is sufficient. Case law, however, has construed the service rules to require personal service upon individual federal defendants and has held insufficient service by certified mail sent to the employee in care of the Employer. See Abel v. Harp, 122 Fed. Appx. 248, 250 (6th Cir. Feb. 15, 2005) (citing Ecclestiacal Order of the Ism of Am, 845 F.2d at 116) ("delivery on an employer does not constitute proper service on the employee who has been sued in his individual capacity.").

Consequently, Plaintiffs have also failed to personally serve the Individual Federal Defendants within the required 120-day time period for service under Fed.R.Civ.P. 4(m). Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) does not afford a plaintiff additional 120-day periods within which to perfect service following the filing of an amended complaint; nevertheless, a court may grant additional time for a plaintiff to perfect service of process where good cause is shown. See

8

Habib v. General Motors Corporation, 15 F.3d 72, 73 (6th Cir. 1994) ("Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. [4(m)] compels dismissal.").

Plaintiffs' original Complaint was filed on February 4, 2005. The Court held a CMC during which the Court discussed Plaintiffs' failure to personally serve or even identify any individual defendants. The Court then directed the parties to exchange initial disclosures so as to enable Plaintiffs to identify and personally serve the individual defendants, and, in an order dated June 23, 2005, the Court provided Plaintiffs with additional time in which to submit an amended complaint. The Court is inclined to construe it's order of June 23 as providing additional time for Plaintiffs to perfect service. Yet, even accounting for a generous allowance of an additional 120 days from July 1, 2005—the date on which Plaintiffs filed an Amended Complaint, Plaintiffs have failed to personally serve the Individual Federal Defendants.

Plaintiffs, request that, if the Court finds the service they attempted to be defective, Plaintiffs be granted additional time to perfect service. Plaintiffs, however, make no argument demonstrating good cause for this request. See FED. R. CIV. PRO. 4(m) ("provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."); Habib, 15 F.3d at 74 (demonstrating that it is the Plaintiff who bears the burden of establishing good cause for not serving an individual federal defendant). Other than misstating the legal requirements for service on individual federal defendants, Plaintiffs make no argument demonstrating good cause for their failure

9

to effect service within even 120 days after the filing of the Amended Complaint. The law clearly states that individual, personal service is required for a defendant named in a Bivens action. See Ecclesiastical Order of the Ism of Am, Inc., 845 F.2d at 115–16. Service by certified mail upon an individual federal defendant's employer is insufficient. See id. Therefore, Plaintiffs' attempts to serve the Individual Federal Defendants by certified mail fail to demonstrate reasonable and diligent efforts to effect service on the Individual Federal Defendants. See Habib, 15 F.3d at 74. Accordingly, the Court will not grant Plaintiffs additional time in which to perfect service.

Plaintiffs have failed to personally serve the Individual Federal Defendants within 120 days after filing the Complaint and also within 120 days after filing the Amended Complaint; therefore, the Court lacks personal jurisdiction over the Individual Federal Defendants and the claims asserted against Defendants are **DISMISSED** without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiffs' loss of consortium claim. The Court also lacks personal jurisdiction over the Individual Federal Defendants. Accordingly, Federal Defendants Cohn, Goodyear, Hosea, Montgomery, and Mooney's Motion to Dismiss, (Dkt. #26), is **GRANTED**. The above-noted matter is **DISMISSED**.

**IT IS SO ORDERED.**

                            /s/ *Peter C. Economus – 03/22/06*
                            **PETER C. ECONOMUS**
                            **UNITED STATES DISTRICT JUDGE**